**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-40872
(Summary Calendar)

In the Matter of: MARCELO CAMACHO, JR.;
In the Matter of: MARGARET ALANIZ CAMACHO,
also known as Margaret Flores,

Debtors,

NATIONSBANK OF TEXAS, N.A.,

Appellant,

versus

MARCELO CAMACHO, JR.,
MARGARET ALANIZ CAMACHO,

Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(C-96-CV-75)

January 14, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

NationsBank of Texas, N.A., ("NationsBank") appeals to this court the district court's

affirmance of the bankruptcy court's order (1) overruling NationsBank's Objection to Confirmation

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

of Marcelo and Margaret Camacho's ("Debtors") Plan of Reorganization, (2) sustaining the Debtors' Objection to NationsBank's Proof of Claim, and (3) denying NationsBank's Motion for Relief from Stay. For the following reasons we affirm.

### FACTS

On May 13, 1993, the Debtors entered into an agreement with American Exteriors. Under the terms of the agreement, American Exteriors agreed to provide certain improvements to Debtors' home located in Bee County, Texas. The Debtors granted American Exteriors a mechanic's lien on the property. Thereafter, the agreement was assigned to NationsBank. The mechanic's lien, however, was never recorded in Bee County. NationsBank inadvertently recorded the lien in Bexar County.

Subsequently, the Debtors defaulted and filed Chapter 13 Bankruptcy in the Bankruptcy Court for the Southern District of Texas. The Debtors listed NationsBank as an unsecured creditor. NationsBank objected to the confirmation of the Debtor's Plan of Reorganization, and filed both a Motion for Relief from Stay and a Secured Proof of Claim. The Debtors objected to NationsBank's claim of secured creditor status.

On January 4, 1996, the bankruptcy court overruled NationsBank's Objection to Confirmation of the Plan of Reorganization, denied NationsBank's Motion for Relief from Stay, and sustained the Debtors' Objection to NationsBank's Proof of Claim. NationsBank appealed the rulings of the bankruptcy court, which were upheld by the Honorable Janis Graham Jack, United States District Court for the Southern District of Texas. NationsBank now appeals to this Court.

## DISCUSSION

The facts are undisputed. Thus, this appeal presents pure questions of law. We review the bankruptcy court's legal conclusions and the affirmation by the district court *de novo*. *In Re: Phillip*, 948 F.2d 985, 986 (5th Cir. 1991).

In its Memorandum Opinion the bankruptcy court stated:

> "NationsBank failed to properly perfect its statutory lien by filing in Bee County as required by § 53.059(d) of the Texas Property Code. NationsBank argues that it also has a constitutional lien on Debtors' homestead pursuant to Article 16, § 37 of the Texas Constitution. No act of recording is necessary to perfect a constitutional lien. Bona fide purchasers, however, take property free of constitutional liens. Under the Bankruptcy Code [11 U.S.C. § 544(a)(3)], the Trustee and the Debtor are considered bona fide purchasers and they cut off unrecorded liens.
>
> The Court, therefore, finds that NationsBank's claim is unsecured because it failed to properly perfect its security interest. Accordingly, the Motion for Relief from the Stay should be denied; the Objection to Confirmation should be overruled, and the Objection to Proof of Claim should be sustained."

Appellant's R.E. at tab 3 (citations omitted).

NationsBank, however, argues that the strong arm powers of § 544 are not applicable to Chapter 13 Debtors. We disagree. 11 U.S.C. § 103(a) makes § 544(a)(3) applicable to Chapter 13 cases. Specifically, § 103(a) provides: "(a) Except as provided in section 1161 of this title chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, or 13 of this title." Therefore, the general provision contained in chapters 1, 3, and 5 apply in cases under chapter 7, 11, or 13.

## CONCLUSION

The order appealed is AFFIRMED.